IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALAIN D. COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 09-cv-975-DRH |
| ) | |
| HAZE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on Plaintiff's motion to proceed *in forma pauperis* (Doc. 2). Based on the financial information contained with the motion, the Court finds that Plaintiff is unable to pay any portion of the required filing fee. Therefore, Plaintiff's motion *in forma pauperis* (Doc. 2) is **GRANTED**.

Plaintiff has filed a 17-page "complaint" supplemented with 69 pages of exhibits concerning some of the encounters Plaintiff has had with law enforcement in Madison County, Illinois, mental health officials in Alton, Illinois, and with this Court. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

The first 14 pages of the "complaint" are just copies of the Pro Se Litigant Guide published in this District. The final 3 pages of the "complaint" is handwritten and appears to be an index of the documents attached to the "complaint" as "exhibits."  Exhibit 1 also purports to be a "complaint" and sets forth vague allegations of abuse of legal process, discrimination, violations of equal protection of the law, false imprisonment, medical negligence, and invasion of privacy. In fact, Exhibit 1 is the only document that resembles anything close to an actual complaint under Rule 8 of the Federal Rules of Civil Procedure. The rest of Plaintiff's exhibits are various court documents, documents from medical or mental health facilities, and letters.

Upon review of the Courts records, Exhibit 1 is identical to the "complaint" filed by Plaintiff in *Cook v. Haze*, No. 06-841-DRH (S.D. Ill.).[1] Plaintiff's prior complaint was dismissed, with prejudice, pursuant to 28 U.S.C. § 1915A. *Cook v. Haze*, No. 06-841-DRH (S.D. Ill. Memorandum and Order filed Dec. 7, 2007). Because the prior complaint was dismissed with prejudice, the instant complaint must be dismissed. Dismissal with prejudice bars Plaintiff from re-litigating the claims asserted in the prior complaint.

## **DISPOSITION**

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this

---

[1] The only difference between the two complaints is that the names of various defendants have been redacted by hand in the instant action. In all other respects, the two complaints are identical.

action is **DISMISSED** with prejudice. All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED this 24th day of March, 2010.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**